[S. F. No. 15549.   In Bank.—May 12, 1937.]

ETHEL G. NIELSEN et al., Appellants, v. MARGARET H. McKENNA, Executrix, etc., Respondent.

Gerald C. Halsey and Frederic T. Leo for Appellants.

Stanislaus A. Riley and Jordan L. Martinelli for Respondent.

THE COURT.—The sole question on this appeal is that of the sufficiency of the evidence to support the findings and judgment.

On April 29, 1932, plaintiffs contracted to purchase from defendant Mary E. Morrow a six-room dwelling at 414 Collingwood Street, San Francisco, for $4,000, $1,000 cash and the balance, secured by note and deed of trust, payable in instalments of $40 a month. Plaintiffs made frequent payments until September, 1933, when they gave notice of rescission for fraud, followed by the filing, in October, of this action. The complaint herein alleged that the sale was induced by misrepresentation of a material fact—of the age of the dwelling as twelve years, whereas it had been erected at least nineteen years—which misrepresentation was not discovered until two weeks prior to giving of the notice of rescission. An answer was filed by defendants and also a cross-complaint wherein they alleged default by plaintiffs under the terms of the note and deed of trust, and prayed for sale of the property thereunder and for judgment for any deficiency which might be found to exist. Prior to trial defendant Mary E. Morrow died and Margaret H. McKenna, as executrix of her last will and testament, was duly substituted in her place as party defendant herein. Thereafter trial of the cause was had before the court, sitting without a jury, and the court made findings in favor of defendant and gave judgment as prayed in the cross-complaint.

The trial court found that it was not true that in order to induce plaintiffs to enter into the agreement of purchase, defendant falsely and fraudulently stated and represented to plaintiff Ethel G. Nielsen that the dwelling was "approximately twelve years old and no more", and in this particular the court found that "plaintiffs conducted their own investigation and examination of said premises and purchased the said property as a result of said investigation and examination and not as the result of any representation or statement by said Mary E. Morrow or her agent . . . that said Mary E. Morrow and plaintiffs never met prior to the time that the transaction was completed". The court found that

no representation of Mary E. Morrow was, at the time of making thereof, false or untrue or made with intent to induce plaintiffs to proceed with the purchase; that the dwelling was at the time of sale between seventeen and eighteen years old, but that no statement was made as to its age until after the payment by plaintiffs of the deposit and the signing by them of the agreement to purchase. The court found that it was not true that if plaintiffs had known the building was between seventeen and eighteen years of age they would not have made the purchase but that "plaintiffs were perfectly satisfied with said building in its then condition and that their dissatisfaction did not arise until many months thereafter when the tenant then occupying said building as tenant of said plaintiffs began to fall delinquent in his payments of rent". The court further found that there was no proof that if the real property had been approximately twelve years old and no more it would have been reasonably worth $5,000 or that in truth and fact it was not at the time of the transaction worth the agreed purchase price. The court also found that plaintiffs had not been damaged by any matter of fact or thing in the said transaction. It further found that the sources of information upon which plaintiffs relied in support of their contention as to the age of the building consisted of public records (notice of completion of building, sworn to by Mary E. Morrow, recorded Nov. 27, 1914, vol. 66, Miscellaneous Records, San Francisco, p. 266), which were at all times available to plaintiffs and that there was no reason why plaintiffs, if interested in ascertaining the exact age of the building, could not have consulted said public records at or before the time they signed the purchase agreement and paid money thereunder; that "prior to the time when plaintiffs' said tenant became delinquent in the payments of his rents the said plaintiffs were not interested in determining the exact age of said building". The court found that all negotiations between the parties merged into the written agreement of April 29, 1932, and at all times from that date plaintiffs had notice of the age of the building and of all matters set forth in their complaint and notice of rescission and that "with such notice they delayed giving notice of their attempted rescission and that the said delay worked to the prejudice of the said Mary E. Morrow and of said executrix in that the real estate market

dropped in the interim and the price at which said property could be resold was at the time of the service of said notice and now is less than the price which could be realized upon a sale as of the 29th day of April, 1932''. Lastly, the court found all of the allegations of the cross-complaint to be true. As already stated these findings resulted in entry of a judgment for defendant upon her cross-complaint and an appeal by plaintiffs, advancing the sole claim of insufficiency of the evidence to support the findings and judgment.

Whatever strength appellants' argument may have is derived from the fact that as Mary E. Morrow died prior to trial, she was not available to testify in refutation of the misrepresentation charge. Appellants claim that they made a complete *prima facie* case and as defendant offered no evidence and nothing appears in the record which impairs the credibility of appellants' witnesses, the judgment for defendant is not sustainable.

The evidence shows that an advertisement of a realtor, Mr. Renstrom, on April 22, 1932, attracted appellants' attention and led appellant Ethel G. Nielsen to investigate the property. This advertisement made no reference to the age of the dwelling. Said appellant testified that she called at the real estate office and talked to a salesman, Mr. Kovas, who told her that the dwelling was in splendid repair, as the owner had always lived there, and that it was ten or twelve years old. Mr. Kovas was not a witness on the trial of the cause. Said appellant admitted that after talking to him, she twice visited the dwelling. The realtor, Mr. Renstrom, took the stand and stated that Mary E. Morrow had told him the house was about twelve years old and he so advertised it. But this latter advertisement, which stated that the house had been ''built about 12 years'' was not published until May 1st, the day after execution of the contract of purchase here involved. The advertisement of April 22d, which attracted appellants' attention contained no reference to the time the dwelling had been erected. Subsequent to the purchase, Mr. Renstrom handled the property for appellants and collected rentals for them. The house was almost immediately rented for $45 a month, and the evidence supports the trial court's conclusion that it was only when the tenant became delinquent in payment of his rents that appellants became interested in determining the exact age of the build-

ing, and in rescinding the purchase. The trial court was not required to credit the assertions of appellants and their witnesses. An examination of the record indicates clearly that in connection with the making of this purchase, the age of the house was not a material factor and the statement of Mr. Kovas as to age—even if it was authorized or emanated from Mary E. Morrow—was not material. Appellants did not rely upon it but relied upon their own investigation and examination of the premises and furthermore there is no showing whatsoever that they suffered any damage at all, either due to the age of the building or in any other respect.

The judgment is affirmed.